1

2

3

4

5 UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
6 AT TACOMA

7
VAN LOO FIDUCIARY SERVICES, an
8 Oregon Limited Liability Corporation, as       No.  3:23-cv-05618-DGE
Personal Representative of the Estate of
9 Michael Reinoehl,                              PLAINTIFF'S OPPOSITION TO
                                                DEFENDANT UNITED STATES OF
10                         Plaintiff,            AMERICA'S MOTION TO DISMISS
                                                (DKT. NO. 45)
11       v.
                                                **ORAL ARGUMENT REQUESTED**
12
THE UNITED STATES OF AMERICA;
13 PIERCE COUNTY, a political subdivision
of the State of Washington; the
14 MUNICIPALITY OF LAKEWOOD, a
municipal corporation; STATE OF
15 WASHINGTON; JAMES OLEOLE, an
individual; CRAIG GOCHA, an individual;
16 MICHAEL MERRILL, an individual; and
JACOB WHITEHURST, an individual,
17
18                         Defendants.

19

20        The United States brings a "facial attack," moving to dismiss Counts Three and Five

21 on the grounds that the Court lacks subject matter jurisdiction over them. Dkt. No. 45 at 5.

22 Counts Three and Five are based on the same theory of negligence; the difference between

23 them is the law enforcement officers whose activity underlies the claim. *See* Dkt. No. 37 at 30-

24 32. Count Three stems from the acts and omissions of United States Marshal Ryan Kimmel, a

25
26 federal employee, and Count Five stems from the acts and omissions of Officers James Oleole,

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

Craig Gocha, Jacob Whitehurst, and Michael Merrill (Individual Defendants), who were employed by state and local law enforcement agencies. *Id.*

In Counts Three and Five, Plaintiff alleges that law enforcement officers negligently executed an arrest warrant with no clear plan, command structure, or means of communication and shot and killed Michael Reinoehl without justification. The United States moves to dismiss on the grounds that federal law enforcement officers have discretion to do so, so Plaintiff's claims are barred by the discretionary function exception to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671–80. The Government's overbroad reading of the discretionary function exception, the narrow challenge at issue in its motion, would restore sovereign immunity in defiance of Congress's waiver. Its argument is not supported by the law, and its motion to dismiss should be denied.

## I.     FACTS

On September 3, 2020, law enforcement officers met to discuss how to "take" Michael Reinoehl based on suspicion that he had committed murder. Dkt. No. 37 at 12. No arrest warrant had been issued at the time of the meeting (*id.*), and Reinoehl had publicly claimed that the underlying homicide was a lawful act of self-defense and defense of another person (*id.* at 11). Some information provided during the law enforcement meeting was inaccurate, misleading, incomplete, and/or out of context. *Id.* at 13. No real plan for how to implement the operation was developed. *Id.* Nor did they plan how to communicate during the operation. *Id.* at 13. Instead of developing a working communication plan, officers relied on Pierce County law enforcement radio frequencies while operating in Thurston County, which was foreseeably inadequate. *Id.* at 15.

PLAINTIFF'S OPPOSITION TO DEFENDANT
UNITED STATES OF AMERICA'S MOTION
TO DISMISS (DKT. NO. 45) – 2
(Case No. 3:23-cv-05618-DGE)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

Officers believed Reinoehl was at an apartment complex in Lacey, Washington, (*id.* at 19) where he had gone to escape far-right extremists who he believed had made violent threats against him and shot at his home while his children were present (*id.* at 10). Officers arrived at the complex around 6:00 p.m. *Id.* at 19. Reinoehl exited the building at approximately 6:45 p.m. and walked toward his car, a Jetta. *Id.* at 22. Operating with garbled, static, and otherwise inadequate communication, one officer cautioned "[w]ere too far, let him drive," (*id.* at 2) but Defendant Oleole radioed, "[l]et's go take him;" "[t]ake him, take him now!" (*id.*; *id.* at 23).

With no clear command structure and without identifying themselves as law enforcement, Defendant Merrill suddenly accelerated his vehicle, an Escape, and sped toward Reinoehl's Jetta. *Id.* Within seconds, Defendant Gocha raced to catch up, cutting an intersection and careening over two grassy medians before stopping suddenly next to the Escape. *Id.* Officers started shooting immediately. *Id.* at 24. None of the vehicles were readily discernable as police vehicles. *See id.* at 24–25. Reinoehl, afraid because of the previous threats made against his life and drive-by shooting at his home, ducked and ran away. *Id.* at 24.

Officers sprayed more than forty rounds through the quiet neighborhood, hitting residential buildings, vehicles, backyards, and at least one occupied apartment. *Id.* at 25. Shrapnel or debris grazed a child playing nearby. *Id.* Reinoehl had a small pistol in his pocket, but he never removed or fired it. *Id.* at 25–26. Although Defendants Oleole, Merrill, and Gocha said in statements that Reinoehl reached toward his waistband, Plaintiff disputes the accuracy of those statements because they were given at least ten days after the incident, in violation of law enforcement standards and giving officers time to coordinate their statements, and because of internal and logical inconsistencies. *See id.* at 26–27. Reinoehl was shot at least five times

PLAINTIFF'S OPPOSITION TO DEFENDANT
UNITED STATES OF AMERICA'S MOTION
TO DISMISS (DKT. NO. 45) – 3
(Case No. 3:23-cv-05618-DGE)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

and died on the scene as a result of three fatal gunshot wounds, two entered his back and one his side. *Id.* at 27–28.

At the time of this incident, the U.S. Marshals Service had a mandatory policy requiring deputies to use only the minimum force reasonably necessary under the circumstances. *Id.* at 16. Local law enforcement officers participating with the task force were required to comply with their agencies' guidelines concerning use of deadly force and with oaths, rights, and duties under color of Washington state law. *Id.* at 17. Plaintiff seeks "[c]ompensation for Reinoehl's loss of his civil right to be free from the use of excessive force by law enforcement." *Id.* at 34.

## II. ORGANIZATION OF RESPONSE

Because the operative difference between Counts Three and Five is the law enforcement officer whose actions serve as the basis for the alleged negligence, a distinction not relevant to this motion, Plaintiff divides this response by issue instead of claim. First discussing the allegedly negligent shooting, and then the allegedly negligent conduct that preceded and foreseeably caused it.

## III. LEGAL ARGUMENT

In making this facial attack, the United States's only argument is that Counts Three and Five allege "discretionary acts" that fall within the discretionary function exception to the FTCA's waiver of sovereign immunity. Dkt. No. 45 at 4.

The FTCA waives sovereign immunity, thus giving federal courts subject matter jurisdiction, for:

> civil claims against the United States … for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his officer or employment, under circumstances where the United States, if a private person,

PLAINTIFF'S OPPOSITION TO DEFENDANT
UNITED STATES OF AMERICA'S MOTION
TO DISMISS (DKT. NO. 45) – 4
(Case No. 3:23-cv-05618-DGE)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA 98101
Phone (206) 622-8000 ● Fax (206) 682-2305

would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b). The discretionary function exception, however, "precludes liability under the FTCA for claims 'based upon the exercise or performance or failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.'" *Valdez v. United States*, 56 F.3d 1177, 1179 (9th Cir. 1995) (quoting 28 U.S.C. § 2680(a)).

A claim falls within the discretionary function exception if it meets two criteria: first, the act at issue is discretionary in nature, which necessarily involves an element of choice; and, if so, it involves the type of judgment that the exception is designed to shield as a matter of policy. *Miller v. United States*, 163 F.3d 591, 593 (9th Cir. 1998). Challenged conduct that does not meet both criteria is not shielded by the discretionary function exception. *Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 536 (1988). Ultimately, whether or not a particular claim is barred by the discretionary function is a question of statutory interpretation because it is a statutory creation. *See United States v. Varig Airlines*, 467 U.S. 797, 813–14 (1984). Consistent with this recognition, the Ninth Circuit has held that, as a remedial statute, the FTCA should be read broadly while its exceptions should be interpreted narrowly. *O'Toole v. United States*, 295 F.3d 1029, 1037 (9th Cir. 2002). In any case where they are claiming it, the United States bears the burden to show that the discretionary function exception applies. *Gonzalez v. United States*, 814 F.3d 1022, 1027 (9th Cir. 2016).

A.    THE SHOOTING

The United States' motion to dismiss should be denied as to the allegations about the shooting because (1) alleged constitutional violations are not shielded by the discretionary

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

function exception under Ninth Circuit law, and (2) a policy mandating that an officer use the minimal force reasonably necessary under the circumstances does not give discretion to use excessive force.

       1.   <u>Law Enforcement Does Not Have Discretion to Violate the Constitution</u>

No one, not even federal agents, have discretion to violate the Constitution. *Nieves Martinez v. United States,* 997 F.3d 867, 877 (2021) ("Even if the agents' actions involved elements of discretion, agents do not have discretion to violate the Constitution."); *Galvin v. Hay,* 374 F.3d 738, 758 (9th Cir. 2004) ("As federal officials do not possess discretion to violate constitutional rights, the discretionary function exception does not apply here."); *Nurse v. United States*, 226 F.3d, 996, 1002 (9th Cir. 2000); *Fuentes-Ortega v. United States*, 640 F. Supp. 3d 878, 882–83 (D. Ariz. Nov. 14, 2022) (collecting cases where "the mere pleading of a plausible constitutional violation rendered the discretionary function exception inapplicable.").

This rule recognizes that even discretion has boundaries. *See Loumiet v. United States*, 828 F.3d 935, 945 (D.C. Cir. 2016). Enforcing these boundaries does not turn an FTCA claim into a constitutional claim. *Id.* It merely prevents the United States from using the discretionary function exception as a shield where a plaintiff plausibly alleges that federal conduct exceeded permissible boundaries by violating the Constitution. *Id.* at 943. If so, the claim continues under the tort law of the state where the incident occurred. *Id.* at 945–46.

Plaintiff alleges that officers shot at Reinoehl almost immediately upon seeing him, without identifying themselves as police officers, without justification from Reinoehl, and killed him as he attempted to flee. As alleged, this violates "Reinoehl's … civil right to be free from the use of excessive force by law enforcement." *Id.* at 37; *see Tennessee v. Garner*, 471

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA 98101
Phone (206) 622-8000 ● Fax (206) 682-2305

U.S. 1, 9 (1985). Because of these allegation and the supporting facts pled in the First Amended Complaint (FAC), the discretionary function exception does not shield the United States from Plaintiff's claims related to the shooting.

Defendant may attempt to counter this argument by claiming that allegations related to the shooting are a battery and cannot proceed under a theory of negligence. The Washington State Supreme Court has squarely rejected this argument. *Beltran-Serrano v. City of Tacoma*, 193 Wn.2d 537, 544-45 (2019). As the FTCA borrows state tort law to create permissible causes of action, Plaintiff may proceed on this theory under the FTCA. *See, e.g., Loumiet*, 828 F.3d at 945.

2.  Policy Does Not Give Discretion to Use Excessive Force

Similarly, a policy mandating use of the minimal force reasonably necessary does not give discretion to use excessive force.

A policy is not discretionary "if the employee's conduct cannot appropriately be the product of judgment or choice." *Berkovitz*, 486 U.S. at 536. Using more force than reasonably necessary under the circumstances falls outside the bounds of a policy mandating use of minimal force. *Greico v. United States*, No. 1:14-cv-933-RHW, 2015 WL 1489356, at *3-4 (D. Ore. Apr. 1, 2015) (holding that policy requiring deputy U.S. Marshals to "always use the minimum force reasonably necessary to protect themselves or others from bodily harm" is not discretionary).

In *Gonzalez v. United States,* 814 F.3d 1022, 1027 (9th Cir. 2016), the primary case relied upon by the United States, the Ninth Circuit explains this principle. The FBI policy at issue said that agents "shall" promptly transmit credible information about serious criminal activity falling outside the FBI's investigative jurisdiction a law enforcement agency having

PLAINTIFF'S OPPOSITION TO DEFENDANT
UNITED STATES OF AMERICA'S MOTION
TO DISMISS (DKT. NO. 45) – 7
(Case No. 3:23-cv-05618-DGE)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA 98101
Phone (206) 622-8000 ● Fax (206) 682-2305

jurisdiction "except where disclosure would jeopardize an ongoing investigation, endanger the safety of an individual, interfere with a human source, interfere with a human source's cooperation, or reveal legally privileged information." *Id.* at 1029 (quoting FBI Guidelines § VI(C)(2)). The court held that the policy was discretionary despite "mandatory-sounding language" because it did not mandate disclosure. *Id.* Either option, to share or not to share information, could be correct depending on the circumstances. *See id.*

Shooting a person without justification, however, cannot "appropriately be the product of judgment or choice." *Berkovitz*, 486 U.S. at 536. It is excessive and unequivocally prohibited by a policy mandating use of the minimal force reasonably necessary. As alleged, the chaotic and unjustified shooting of Reinoehl does not fall within the limited discretionary function exception to the FTCA.

### B.    PRE-SHOOTING CONDUCT

Plaintiff is unaware of a specific policy regulating officers' pre-shooting conduct, the United States does not provide one, and Plaintiff has not had the opportunity to discover it. Assuming officers had complete discretion in how to execute the arrest warrant, there is no policy rationale for failing to establish a clear command structure or working means of communication when executing an arrest warrant, especially one considered by law enforcement to be high risk. Moreover, the United States incorrectly states that there is a presumption that the officers' pre-shooting conduct is based in policy considerations and mischaracterizes Plaintiff's pre-shooting allegations as relating to general discretion to execute a search warrant. *See* Dkt. No. 45 at 8.

PLAINTIFF'S OPPOSITION TO DEFENDANT
UNITED STATES OF AMERICA'S MOTION
TO DISMISS (DKT. NO. 45) – 8
(Case No. 3:23-cv-05618-DGE)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

1    1.  No Presumption That Pre-Shooting Conduct Was Based on Policy Considerations

2    The United States is not entitled to a presumption that these actions were grounded in

3    policy considerations because "[a]bsent a specific policy as to a particular action taken by a

4    Marshal, there is no corresponding presumption that such an action satisfies the policy element

5    of the discretionary function exception." *Estate of Salazar v. United States*, 11-cv-10279, 2014

6    WL 12588477, at *21 (C.D. Cal. May 20, 2014).

7    The United States relies on *Nieves Martinez v. United States*, 997 F.3d 867, 881 (9th

8    Cir. 2021), (Dkt. No. 45 at 7) to argue the contrary, quoting, "when a court determines that an

9

10   agent's actions are subject to discretion, a 'strong presumption arises that the actions were

11   grounded in policy considerations.'" *Id.* (quoting *Gonzalez*, 814 F.3d at 1032). But this rule

12   comes with context. It originates from *United States v. Gaubert,* 499 U.S. 315, 324 (1990),

13
     where the Supreme Court found that because a statute authorized the Federal Home Loan Bank
14
     Board and Federal Home Loan Bank Board–Dallas to advise and oversee certain aspects of the
15
     operation of a thrift institution, the discretion to give that advice was presumed to be and was
16
     grounded in policy considerations.  *See id.* at 334. That presumption only applied because
17
     "established governmental policy, as expressed or implied by statute, regulation, or agency
18
     guidelines" clearly allowed for the discretionary acts at issue. *Id.* at 324.
19
20   Similarly, the Ninth Circuit relied on *Gaubert* in *Gonzalez v. United States*, 814 F.3d

21   at 1032, discussed *supra* at 8, to find that a policy specifically giving agents discretion to decide

22   whether to share information created a presumption that using that discretion was based on

23

24   legitimate policy considerations.

25

26

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

Here, the United States has cited no specific policy that permits federal actors to perform an arrest without coordination, communication, and a plan to minimize harm. Moreover, failure to have a clear command structure or working communication systems is not justified by policy considerations. With or without a policy-based presumption, these are negligent acts of the kind subject to review under the FTCA .

2. Discretionary Function Exception Does Not Shield All Warrant-Related Activities

The United States mischaracterizes the discretionary function exception to assert it shields virtually all law enforcement negligence—at least anything related to the planning and execution of an arrest warrant. Dkt. No. 45 at 8. It does not.

"The basis for the discretionary function exception was Congress's desire to 'prevent judicial "second-guessing" of legislative decisions grounded in social, economic, and political policy through the medium of an action in tort.'" *Berkowitz*, 486, U.S. at 536–37 (quoting *Varig*, 467 U.S. at 814). "[C]onduct that was allegedly inconsistent with the proper exercise of professional judgement or technical skill," is not protected by the discretionary function exception. *Powers v. United States*, No. 21-cv-0517-TSZ, 2023 WL 1468479, at * (W.D. Wash. Feb 2, 2023) (general assertions that Coast Guard must make "on-the-fly, life-or-death decisions" do not indicate that allegedly negligent handling of vessel in distress was based on legitimate policy considerations).

Failing to have an operation plan, command structure, or working means of communication are not issues that involve balancing social, economic, or political policy considerations; they are basic failures of professional judgment. As stated in the FAC, the communication failure occurred because officers used Pierce County radio frequencies while operating in Thurston County. Dkt. No. 37 at 15. There was no competing policy-based

PLAINTIFF'S OPPOSITION TO DEFENDANT
UNITED STATES OF AMERICA'S MOTION
TO DISMISS (DKT. NO. 45) – 10
(Case No. 3:23-cv-05618-DGE)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA 98101
Phone (206) 622-8000 ● Fax (206) 682-2305

consideration to justify this negligence, which distinguishes this case from cases where law enforcement operated with discretion grounded in policy. Determining whether sharing information about a threat of violence would be harmful under the circumstances requires balancing factors and making a subjective judgment call. *See Gonzalez*, 814 F.3d at 1032. Investigating a crime and deciding whether to detain an individual whom law enforcement has probable cause to believe committed a crime requires weighing the credibility of information, importance of the crime, and the agency's mission and resources. *See Nieves Martinez*, 997 F.3d at 881. In contrast, failing to have a plan, command structure, or working means of communication runs contrary to the goal of executing an arrest warrant. *See Patel*, 806 F. Supp. at 878; *see also Green v. United States*, 630 F.3d 1245, 1252 (9th Cir. 2011) (differentiating how to fight a forest fire, which involves policy considerations, from failure to notify citizens whose properties could be in harm's way, which did not).

This is not a disagreement about witness credibility or whether law enforcement should have executed the search warrant that day. It is about whether law enforcement has unbridled discretion to cause preventable chaos, confusion, and unjustified killing when executing an arrest warrant. They do not.

As noted, the United States' position would essentially insulate law enforcement from liability under the FTCA for any action related to execution of an arrest warrant and would permit the exception to "swallow the FTCA." *O'Toole v. United States*, 295 F.3d at 1037 (citing *Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997) ("If the word 'discretionary' is given a broad construction, it could almost completely nullify the goal of the FTCA.")) For the U.S. Marshals Service, this would result in virtually any negligent conduct occurring on the job being completely immunized. If Congress had intended such a rule, they would have

PLAINTIFF'S OPPOSITION TO DEFENDANT
UNITED STATES OF AMERICA'S MOTION
TO DISMISS (DKT. NO. 45) – 11
(Case No. 3:23-cv-05618-DGE)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA 98101
Phone (206) 622-8000 ● Fax (206) 682-2305

said so. That certain acts related to executing a warrant require making legitimate judgment calls does not provide blanket immunity for all warrant-related activity. *See, e.g., Myles v. United States*, 47 F.4th 1005, 1012 (9th Cir. 2022) ("[T]he discretionary function exception does not apply to law enforcement investigations when a federal employee's tactics during an investigation had no legitimate policy rationale.") (internal quotation omitted); *Garcia v. United States,* 826 F.2d 806, 808–09 (9th Cir. 1987) ("While law enforcement involves a certain amount of discretion on the part of individual officers," actions that negligently incite violence and foreseeably cause harm "do not involve the sort of generalized social, economic and political choices that Congress intended to exempt from tort liability."); *Dietzman v. City of Homer*, 2010 WL 4684043, at *29 (D. Alaska Nov. 17, 2010); *Patel*, 806 F. Supp. at 878; *see also Terbush v. United States*, 516 F.3d 1125, 1135 (2008) (cautioning against an approach that would "swallow the second prong of *Berkowitz*" and declining to "eviscerate the original purpose of the [FTCA] by an overly-generous reading of the policy-based prong of the exception").

Discretionary immunity is the exception, not the rule, and it does not apply here.

## C.    UNITED STATES HAS NOT MET ITS BURDEN

The United States brings a facial attack, so "the court must accept all factual allegations in the complaint as true and must construe the pleadings in the non-moving party's favor." *Bingham v. Shaver Transportation Co.*, 647 F. Supp. 3d 1044, 1046 (W.D. Wash. Dec. 20, 2022). Construed in the light most favorable to Plaintiff, the United States has not met its burden to show that the discretionary function exception applies.

PLAINTIFF'S OPPOSITION TO DEFENDANT
UNITED STATES OF AMERICA'S MOTION
TO DISMISS (DKT. NO. 45) – 12
(Case No. 3:23-cv-05618-DGE)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

Plaintiff, however, is mindful that discretionary function exception analysis often considers specific policy terms that have not been provided. To the extent that the Court has any reservations about whether relevant policy or policies may affect its decision, it should find that the United States has failed to meet its burden at this stage and deny its motion to dismiss to permit development of the record. *See Hieda v. United States*, 836 F. Supp. 2d 1105, 1115–16 (D. Hawaii Dec. 23, 2011); *Prescott v. United States*, 973 F.2d 696, 703 (9th Cir. 1992).

## IV.    CONCLUSION

As alleged, federal law enforcement officers failed to make a plan, including for a command structure or means of communication, before going to "arrest" Michael Reinoehl, and they violated the Constitution and a non-discretionary policy when they shot and killed him without justification. These actions are not discretionary acts grounded in policy considerations of the type Congress intended to shield from liability. Therefore, the United States has not met its burden to show that the discretionary function exception applies, the Court has subject matter jurisdiction over Plaintiff's FTCA claims, and the United States' motion to dismiss should be denied.

DATED this 4th day of December, 2023.

I certify that this document
contains 3482 words,
in compliance with the
Local Civil Rules.

SCHROETER GOLDMARK & BENDER

*s/ Lily E. Ramseyer*
REBECCA J. ROE, WSBA #7560
JEFFERY P. ROBINSON, WSBA #11950
LILY E. RAMSEYER, WSBA #57012
401 Union Street, Suite 3400 | Seattle, WA  98101
Phone:  (206) 622-8000 | Fax:  (206) 682-2305
Email: roe@sgb-law.com
robinson@sgb-law.com
ramseyer@sgb-law.com

PLAINTIFF'S OPPOSITION TO DEFENDANT
UNITED STATES OF AMERICA'S MOTION
TO DISMISS (DKT. NO. 45) – 13
(Case No. 3:23-cv-05618-DGE)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

MACDONALD HOAGUE & BAYLESS

*s/ Braden Pence*
BRADEN PENCE, WSBA #43495
705 2nd Avenue, Suite 1500
Seattle, WA 98104-1745
Phone: (206) 622-1604
Email: bradenp@mhb.com


LEVI MERRITHEW HORST PC


*s/ Jesse A. Merrithew*
JESSE A. MERRITHEW, WSBA #50178
610 SW Alder Street, Suite 415
Portland, OR 97205-3605
Phone: (971) 229-1241
Email: jesse@lmhlegal.com

***Counsel for Estate of Michael F. Reinoehl***

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA 98101
Phone (206) 622-8000 ● Fax (206) 682-2305

# CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**For Defendants Lakewood and Michael Merrill**
John E. Justice
Matthew Turner Sonneby
Lyman, Daniel, Kamerrer & Bogdanovich, P.S.
2674 R.W. Johnson Road
Tumwater, WA 98512
jjustice@lldkb.com
msonneby@lldkb.com

**For Defendant State of Washington**
Allison Croft
Kaylynn What
Simmons Sweeney Freimund Smith Tardif, PLLC
711 Capitol Way South, Suite 602
Olympia, WA 98501
allison@ssslawgroup.com
kaylynn@ssslawgroup.com

**For Defendant Pierce County**
Kerri Ann Jorgensen
Deputy Prosecuting Attorney / Civil
930 Tacoma Avenue South, Suite 946
Tacoma, WA 98402-2102
kerri.jorgensen@piercecountywa.gov

**For Defendant United States of America, Jacob Whitehurst,
James Oleole, and Craig Gotcha**
Chibogu Nneka Nzekwu
Andrea J. Friedman
Civil Division, Torts Branch
United States Department of Justice
P.O. Box 7146
Ben Franklin Station
Washington, D.C. 20044
chibogu.n.nzekwu@usdoj.gov
andrea.j.friedman@usdoj.gov

DATED:      December 4, 2023, at Seattle, Washington.

_s/ Virginia Mendoza_
Virginia Mendoza, Legal Assistant

PLAINTIFF'S OPPOSITION TO DEFENDANT
UNITED STATES OF AMERICA'S MOTION
TO DISMISS (DKT. NO. 45) – 15
(Case No. 3:23-cv-05618-DGE)

SCHROETER GOLDMARK & BENDER
401 Union Street ● Suite 3400 ● Seattle, WA 98101
Phone (206) 622-8000 ● Fax (206) 682-2305