UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CINDY VAN LOO, | CASE NO. 3:23-cv-05618-DGE |
| Plaintiff, | ORDER DENYING MOTION TO STAY DISCOVERY (DKT. NO. 48) |
| v. | |
| UNITED STATES OF AMERICA et al., | |
| Defendant. | |

## I    INTRODUCTION

This matter comes before the Court on the Motion to Stay Discovery filed by all Defendants.  (Dkt. No. 48.)  Upon review of the motion, Plaintiff's Response in Opposition (Dkt. No. 53), and the Replies in Support (Dkt. Nos. 54, 57), the Court **DENIES** the Motion.

## II    BACKGROUND

This litigation stems from the killing of Michael Reinoehl during an arrest conducted by Washington state and local police and the United States Marshals Service ("USMS").  (Dkt. No. 37 at 3–4.)  Defendants United States of America, Craig Gocha, James Oleole, and Jacob

1   Whitehurst filed motions to dismiss for failure to state a claim and a motion for judgment on the

2   pleadings.  (Dkt. Nos. 30, 31.)  These motions were resolved with Plaintiff's filing an amended

3   complaint.  (Dkt. No. 37.)  This Court denied a previous Motion to Stay because, upon the filing

4   of the amended complaint, there were no longer pending dispositive motions warranting such a

5   stay.  (Dkt. No. 43.)

6        In response to the amended complaint, Defendants have again filed motions to dismiss.

7   (Dkt. Nos. 44, 45, 46, 50.)  Together, Defendants filed a renewed Motion to Stay Discovery

8   pending the outcome of the new dispositive motions.  (Dkt. No. 48.)

9                              **III     DISCUSSION**

10       The district court has wide discretion in controlling discovery, including staying

11   discovery.  *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  The Ninth Circuit has not

12   set forth rules or standards governing stays of discovery pending motions to dismiss, instead

13   reviewing a district court's exercise of discretion in staying discovery.  *See Hold Sec. LLC v.*

14   *Microsoft Corp.*, Case No. 2:23-cv-899 MJP, 2023 WL 7920434, at *1 (W.D. Wash. Nov. 16,

15   2023).  As a result, courts often examine the nature of the pending Rule 12(b) motion to

16   determine whether a stay of discovery is appropriate.  *Id.* ("For example, whether the motion

17   involves pure questions of law that are dispositive—such as subject matter jurisdiction or

18   immunity—rather than fact-intensive inquiries that might be resolved by further discovery.");

19   *Little*, 863 F.2d at 685 ("Based on the facts presented in this case, discovery could not have

20   affected the immunity decision.").  At the motion to dismiss stage, a court may "stay discovery

21   when it is convinced that the plaintiff will be unable to state a claim for relief."  *Wenger v.*

22   *Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (internal citation and quotation omitted).

23       Defendants' Motion argues a stay of all discovery is warranted pending resolution of the

24

motions to dismiss, and particularly appropriate here, where the parties invoke qualified and sovereign immunity.  (Dkt. No. 48 at 3.)  This is because qualified immunity is immunity from suit rather than a mere defense to liability.  *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1995).  Until the threshold immunity question is resolved, discovery should not be allowed.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (analyzing the immunity question in a summary judgment context).

Plaintiff argues discovery is inevitable because the motions to dismiss are not dispositive of the entire case.  (Dkt. No. 53 at 5–7.)  The question, then, is whether discovery should be stayed for the defendants claiming immunity, and, if so, whether the stay should apply to all defendants or just the potentially immune.

Defendants United States of America, Craig Gocha, James Oleole, and Jacob Whitehurst believe the answer can be found in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  (Dkt. No. 57 at 2.) They argue "courts across the country, relying on *Iqbal*, [have stayed] all discovery when qualified immunity is raised on a threshold motion to dismiss *even when there are claims against other parties* that will inevitably go into discovery."  (*Id.*)  The relevant portion of *Iqbal* states:

> [i]t is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Iqbal*, 556 U.S. at 685.

Some courts interpret *Iqbal* to require a stay of all discovery once the immunity question is raised by anyone.  *See, e.g.*, *Lucero v. City of Aurora*, No. 1:23-cv-00851-GPG-SBP, 2023 WL 5957126, at *5 (D. Colo. Sept. 13, 2023).  Some read the passage as dicta.  *See, e.g.*, *Mendia v.*

*Garcia*, No. 10-CV-03910-MEJ, 2016 WL 3249485, at *3 (N.D. Cal. June 14, 2016); *Sweet v. City of Mesa*, No. CV-17-00152-PHX-GMS, 2018 WL 3633745, at *2 (D. Ariz. July 31, 2018). At least one viewing the passage as dicta stayed discovery because the passage "indicate[s] very clearly that the Supreme Court believes discovery should be stayed in the case as a whole even when only one defendant is asserting qualified immunity." *A.A. ex rel. Archuletta v. Martinez*, No. 12-CV-00732-WYD-KMT, 2012 WL 5974170, at *2 (D. Colo. Oct. 9, 2012).

Defendants argue *Iqbal* establishes that qualified immunity "protects a defendant from any discovery that could require the defendant's involvement." (Dkt. No. 48 at 5.) In this Court's view, the language communicates a slightly different idea: *if* staying discovery is proper because a party has asserted qualified immunity, *then* discovery must be stayed for all parties. This makes sense; if this Court were to stay discovery only for the defendants who might be dismissed entirely from the case upon a finding of immunity, "it would prove necessary for [those defendants] and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position." *Iqbal*, 556 U.S. at 685. Therefore, under *Iqbal*, either discovery for all parties and claims should go forward, or discovery for all parties and claims should be stayed. This aligns with Defendants' motion for a blanket stay of all discovery but does not answer the initial question of whether the stay is proper. Stays pending dispositive motions are an exception to the rule. *See Zeiger v. Hotel California by the Sea LLC*, No. C21-1702-TL-SKV, 2022 WL 1499670, at *2 (W.D. Wash. May 12, 2022).

*Iqbal* also makes clear qualified immunity is a limited entitlement to avoid the burdens of litigation at the motion to dismiss stage, "[p]rovided it 'turns on an issue of law,'" meaning, where further factual development is not necessary to answering the immunity question. *Iqbal*,

556 U.S. at 672 (quoting *Mitchell*, 472 U.S. at 530).  This idea is also reflected within the two-part test courts in this District and Circuit use to determine whether to stay discovery.  "First, the pending motion must be potentially dispositive of the entire case, or at least on the issue to which discovery is directed.  Second, the court must determine if the pending dispositive motion can be decided without additional discovery."  *Ahern Rentals Inc. v. Mendenhall*, No. C20-0542-JCC, 2020 WL 8678084, at *1 (W.D. Wash. July 9, 2020); *see also In re Nexus 6P Prod. Liab. Litig.*, No. 17-CV-02185-BLF, 2018 WL 3036734, at *2 (N.D. Cal. June 19, 2018).  This two-part test "requires the court to take a 'preliminary peek' at the merits of the pending, potentially dispositive motion to determine whether a stay is granted."  *Nguyen v. BMW of N. Am., LLC.*, 20CV2432-JLS(BLM), 2021 WL 2284113, at *2 (S.D. Cal. June 4, 2021) (citation omitted). The "preliminary peek" is not intended to prejudge the outcome of the motion.  *Id.* at 2 n.1.

First, none of the motions to dismiss will be dispositive of the entire case.  The State of Washington's motion would eliminate the State from the suit but will not resolve the suit entirely.  (*See* Dkt. No. 46.)  Even giving special consideration to the question of qualified immunity under *Harlow* and *Mitchell*, the individual-capacity defendants raise qualified immunity in response to only one claim.  (*See* Dkt. No. 44.)  For qualified immunity to eliminate them from suit, this Court would first need to find they acted within the scope of their federal duties rather than their state or local positions, implicating Plaintiffs' alternative Claim Two, a *Bivens* claim, rather than Claim One, a 42 U.S.C. § 1983 claim.  (Dkt. No. 37 at 29–30).  Then, this Court would need to find *Bivens* applies to events of this case.  (Dkt. No. 44 at 18–30.) Only then would the individual defendants' immunity become relevant, and it still would not be dispositive of the entire case.  (*Id.* at 30–34.)  Similarly, the success of the United States's motion, which asserts sovereign immunity, would potentially eliminate only two of the three

claims against it, depending on the availability of Count Seven, a state law claim under the Federal Tort Claims Act and pled in the alternative to Count Six, a state law battery claim.  (*See* Dkt. Nos. 37 at 32–33; 45 at 1–2.)

The pending motions are not dispositive of "the issue to which discovery is directed," either.  *Ahern Rentals*, 2020 WL 8678084, at *1.  The individual-capacity Defendants will be involved in discovery regardless of their immunity.  (*See* Dkt. No. 53 at 6); *see, e.g., Sweet*, 2018 WL 3633745, at *2 ("Defendant Langley will have to participate in parts of this case and its discovery process even if his appeal is granted and he is provided qualified immunity . . . Because Defendant Langley may be called to act as a witness and has state law claims pending that are unaffected by his qualified immunity appeal, discovery related to these claims must continue.").  Because the lawsuit centers around a single event—Reinoehl's death—the officers at the scene will still be subject to deposition on their involvement, even if they are immune from liability.  It would be difficult to isolate different "issues" within the singular event such that staying discovery pending the dismissal of some parties might eliminate an issue and narrow discovery accordingly.

Second, it is possible the pending dispositive motions cannot be decided without additional discovery.  Taking a 'preliminary peek' at the merits of at least the individual defendants' motion to dismiss, more facts may be necessary to determine whether the immunity argument has merit.  For example, the issue of whether the individual defendants acted within the scope of their state or local duties versus within the USMS Violent Offender Taskforce appears to be governed by some "Memorandum of Understanding," which would likely impact this Court's decision on the issue.  (*See* Dkt. No. 37 at 17.)  Plaintiff alleges in the complaint that the special deputization forms from the USMS creating the task force state explicitly that

members of the task force are "*not* federal employees," Officer Merrill's task force membership—which requires periodic renewal—expired before the event in question, and the individual defendants were still required to comply with their agencies' guidelines concerning the use of firearms, deadly force, and less-lethal devices. (*Id.*). The Court is required to accept those facts as true in considering individual defendants' Motion to Dismiss, and the availability of immunity appears to hinge on that issue. Without prejudging the outcome of the motions, this Court is skeptical a stay of discovery is warranted under the two-part test, as more discovery may be required to determine immunity rather than the question merely turning on an issue of law.

Under the two-part test, Defendants failed to show the motions would be dispositive of the case or at least the issues at which discovery would be aimed. The pending dispositive motions do not, on their face, demonstrate clear legal issues capable of disposition without additional discovery. Had a stay been warranted under the two-part test, *Iqbal* would require this court to stay discovery for all parties. But *Iqbal* requires nothing in this context, in which a stay pending the dispositive motions—the exception to the rule—is inappropriate. The Motion to Stay is therefore **DENIED.**

### IV      CONCLUSION

Accordingly, and having considered Defendants' motion, the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that the Motion to Stay is **DENIED.**

Dated this 5th day of December 2023.

David G. Estudillo
United States District Judge

ORDER DENYING MOTION TO STAY DISCOVERY (DKT. NO. 48) - 7