**Honorable David G. Estudillo**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| CINDY VAN LOO, an Oregon resident, as Personal Representative of the ESTATE OF MICHAEL F. REINOEHL,<br><br>Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA; et al.,<br><br>Defendants. | NO. 3:23-cv-05618-DGE<br><br>**MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT ON BEHALF OF THE CITY OF LAKEWOOD AND MICHAEL MERRILL**<br><br>NOTED FOR CONSIDERATION:<br><br>**Friday, January 24, 2025** |

**MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT ON BEHALF OF THE CITY OF LAKEWOOD AND MICHAEL MERRILL – 1**
**Cause No.: 3:23-cv-05618-DGE**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*

## I. INTRODUCTION

The City of Lakewood and Michael Merrill, Defendants herein, by and through undersigned counsel of record, hereby move for summary judgment on all claims against them. This motion is based on the pleadings and other documents on file in this case, as well as the supporting declarations and attached exhibits filed herewith. These pleadings, documents and other materials show that there is no genuine issue of material fact regarding the plaintiffs' claims against the moving defendants and that these defendants are entitled to summary judgment.

## II. FACTS

Officer Merrill was participating in the operation to arrest Michael Reinoehl solely as a member of the United States Marshall Service (USMS) Violent Offender Task Force (VOTF), operating at the direction of the USMS. *Merrill Decl.* Officer Merrill was a federally deputized member of the VOTF beginning in 2018. *Id.* He found out after this operation that his VOTF supervisor failed to renew the formal deputization paperwork and that his deputization had lapsed on August 31, 2020, three days prior to this operation. *Id.* Officer Merrill was present for this operation in his capacity as a member of the VOTF and was acting under the authority of the USMS in arresting Mr. Reinoehl. *Id.*; Dkt. 124, pg. 6. Officer Merrill did not make the decision to carry out the operation and did not participate in the overall planning. *Id.* That was a USMS function. Dkt. 124, pp. 6-7. There is no evidence presented, or allegation made, that Officer Merrill was present for a reason *unrelated to* carrying out a VOTF operation on behalf of the USMS.

The City of Lakewood and Officer Merrill adopt by referenced, as if fully set forth herein, the Defendants Joint Statement of Undisputed Material Facts, as well as the exhibits referenced

MOTION FOR SUMMARY JUDGMENT AND
MEMORANDUM IN SUPPORT ON BEHALF OF
THE CITY OF LAKEWOOD AND MICHAEL
MERRILL – 2
Cause No.: 3:23-cv-05618-DGE

LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511

therein contained in the Appendix of Exhibits.  Dkt. 124.

Plaintiffs' Second Amended Complaint (SAC) alleges the following causes of action against Lakewood and Merrill specifically:

1. Fourth Amendment Unreasonable Seizure pursuant to 42 U.S.C. § 1983 against Merrill;
2. Alternatively, Fourth Amendment Unreasonable Seizure pursuant to *Bivens* against Merrill;
3. State law negligence against Lakewood and Merrill;
4. State law battery-wrongful death against Lakewood and Merrill

Dkt. 87-1, pp. 29-33.

### III.   LAW AND ARGUMENT

**A.   Standard Of Review.**

Summary judgment "is an important procedure 'designed to secure the just, speedy and inexpensive determination of every action.'" *Smith v. Bd of Cnty. Comm'rs*, 216 F.Supp.2d 1209, 1213-1214 (D. Kan. 2002) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548 (1986)). Under Rule 56(c), summary judgment should be granted if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505 (1986). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment . . . Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 247-248.

The "party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing

MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT ON BEHALF OF THE CITY OF LAKEWOOD AND MICHAEL MERRILL – 3
Cause No.:  3:23-cv-05618-DGE

LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA  98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511

that there is a genuine issue for trial." *Id.* at 248 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-289, 88 S. Ct. 1575 (1968). When "the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (citing *Celotex,* 477 U.S. at 323). *See also Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir. 2000).

### B. Plaintiffs' Claims against Officer Merrill under the Fourth Amendment should be Dismissed Because Officer Merrill was a Federal Actor and *Bivens* Does Not Provide a Remedy Here.

#### 1. Officer Merrill was Acting under Federal, not State, Law at the Time of this Incident. [1]

The Presidential Threat Protection Act of 2000 established task forces to locate and apprehend fugitives, and 28 U.S.C. § 566 authorizes USMS officers to "investigate such fugitive matters, both within and outside the United States, as directed by the Attorney General." 28 U.S.C. § 566(e)(1)(B). Defendant Merrill is alleged to have acted as part of a UMSM "task force" operation to arrest Michael Reinoehl on a warrant for homicide from the State of Oregon, not for any other unrelated purpose.

"A defendant must be either a state actor or a federal actor – he cannot be both." *Glennie v. Garland*, No. CV 21-231JJM, 2023 WL 2265247, at *16 (D.R.I. Feb. 28, 2023). The only difference between Defendant Merrill and the other individually named defendants is that his "VOTF membership" allegedly expired three days prior to the incident in this case. However, his function on September 3, 2020 in executing the Oregon warrant on Mr. Reinoehl was otherwise

---

[1] Officer Merrill adopts by reference the arguments on behalf of Goche and Oleole in Argument, Sect. 1, of the motion filed by the United States on this point. Defendant Merrill's role, vis-a-vis the USMS VOTF was functionally equivalent to Goche and Oleole and the legal arguments should be equally applicable to him.

MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT ON BEHALF OF THE CITY OF LAKEWOOD AND MICHAEL MERRILL – 4
Cause No.: 3:23-cv-05618-DGE

LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511

identical to defendants Goche and Oleole. *Merrill Dec.* If defendant Merrill was acting as a federal actor under color of federal law, he is entitled to the same defenses. *See, e.g, Bates v. City of Atlanta*, 1:20-CV-4074-AT, 2021 WL 5034837, at *5 (N.D. Ga. Aug. 26, 2021) ("like the federal officers, the federally deputized local law enforcement officer was acting under color of federal law during the incident in question"), *quoting*, *Adams v. Springmeyer*, 17 F. Supp. 3d 478, 506 (W.D. Pa. 2014).

The determination of whether an official who is part of a federal task force is a federal actor involves an evaluation of the specific *conduct* at play. The "evaluation of whether particular conduct constitutes action taken under the color of state [or instead federal] law, **must focus on the actual nature and character of that action**." *King v. United States*, 917 F.3d 409, 433 (6th Cir. 2019) (emphasis added); *Schultz v. Wellman*, 717 F.2d 301, 304 (6th Cir. 1983)). *See, e.g, James v. City of Rochester,* 23-CV-6057DGL, 2023 WL 3356931, at *7 (W.D.N.Y. May 11, 2023) ("For FTCA purposes, an individual will be deemed a federal employee if he was "acting on behalf of a federal agency in an official capacity, … with or without compensation." 28 U.S.C. § 2671 (emphasis added). *Citing, Deavers v. Martin*, ––– F.Supp.3d ––––, ––––, 2022 WL 4348474, at *6 (S.D.W.V. Sept. 19, 2022) ("The fact that [defendant] was paid by Kanawha County for the work that day [while he was serving on a federal fugitive task force] is nothing more than a statutorily prescribed occurrence" that did not alter his status as a federal employee under the FTCA).

In *Askew v. Bloemker*, 548 F.2d 673, 677 (7th Cir.1976), for example, the court affirmed the district court's grant of summary judgment on § 1983 claims after finding that the local law enforcement officers had participated in a drug raid while acting under color of federal law. 548 F.2d at 678. Several of the officers were employed by federal agencies, while three were employed by the St. Louis Police Department; all were assigned as full-time members of the St. Louis Office

**MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT ON BEHALF OF THE CITY OF LAKEWOOD AND MICHAEL MERRILL** – 5
Cause No.: 3:23-cv-05618-DGE

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480   FAX: (360) 357-3511

for Drug Abuse Law Enforcement ("DALE"), an agency of the U.S. Department of Justice. *Id*. at 677.

The court in *Askew* concluded that the "totality of the circumstances" surrounding the drug raid demonstrated that the officers acted under color of federal law. *Id*. Specifically, the court found that the DALE agents conducted the raid pursuant to a federal investigation for violations of federal law. *Id*. In addition, the DALE agents were "clearly directed by and subject to the immediate control of DALE supervisors." *Id*. Although the municipal agents remained accountable to their police supervisors, were paid by checks issued by the municipality, and one agent displayed his municipal badge to gain admission to the premises, the court found that "the mere assertion that one is a state officer does not necessarily mean that one is acting under color of state law." *Id. See, also, Colorado v. Nord*, 377 F. Supp. 2d 945, 949 (D. Colo. 2005) ("Courts have consistently treated local law enforcement agents deputized as federal agents and acting as part of a federal task force as federal agents."); *Guerrero v. Scarazzini*, 274 Fed.Appx. 11, 12 n.1 (2d Cir. 2008) (holding that local officers "assigned to an FBI Joint Organized Crime and Drug Enforcement Task Force" were "federally deputized for their Task Force work," and thus the claim was "properly brought" as a *Bivens* action); *Majors v. City of Clarksville*, 113 Fed.Appx. 659, 660 (6th Cir. 2004) (construing § 1983 claim against "police officers who were acting as deputized Task Force Agents by the [DEA]" as a *Bivens* claim "in reality"); *Ellis v. Ficano*, 73 F.3d 361, at *6–7 (6th Cir. 1995) (finding that county sheriff's department officers "deputized by the DEA as DEA Task Force officers * * * were acting under color of federal law, not state law as required by § 1983"); *Texas v. Kleinert*, 143 F. Supp. 3d 551, 562 (W.D. Tex. 2015) ("Courts have consistently treated local law-enforcement agents deputized as federal agents and acting as part of a federal task force as federal agents."); *Pike v. United States*, 868 F. Supp. 2d 667, 670, 677–678 (M.D. Tenn. 2012) (concluding that § 1983 claims against "state and local law enforcement officers who served as members of the Fugitive Task Force * * * [of] a program coordinated by the United States Marshal's Service" were "plainly *Bivens* claims, not § 1983 claims"); *Ivey v.*

MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT ON BEHALF OF THE CITY OF LAKEWOOD AND MICHAEL MERRILL – 6
Cause No.: 3:23-cv-05618-DGE

LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511

*Lyman*, 2005 WL 1397134, at *2 (N.D.N.Y. June 1, 2005) ("[D]efendant is employed by the Albany Police Department, and thus would generally be acting under color of state law in his capacity as a police officer. However, because he was working with the DEA and assigned to the DETF, he is considered to be acting as a federal agent."); *Tyson v. Willauer*, 289 F. Supp. 2d 190, 192 n.1, 193 n.3 (D. Conn. 2003) ("Defendant Willauer was a formally deputized member of the Federal Task Force, and was acting in that capacity during the incident[.] * * * Since Defendant Willhauer is being treated as a federal employee for purposes of this case, the § 1983 claim against him should have been asserted as a *Bivens* claims[.]"); *Bordeaux*, 958 F. Supp. 77, 83–84 ("[Defendants] were assigned to the Central New York Drug Task Force; a program which operates under the command of the federal Drug Enforcement Administration ("DEA"). * * * As federal employees, [Defendants] were not state actors and thus are not amenable to suit under Section 1983[.]"); *Pou v. U.S. Drug Enf't Admin.*, 923 F. Supp. 573, 579 (S.D.N.Y. 1996) ("Where, as here, it is undisputed that defendants Rogers and Fritzen were acting in their capacity as federal officers as DEA task force agents, they were not acting under color of state law, and a § 1983 claim must fail."); see also *United States v. Martin,* 163 F.3d 1212, 1214 (10th Cir. 1998) (holding that local police detective deputized to participate in federal narcotics investigation is a federal officer within the meaning of 18 U.S.C. § 115(a)(1)(B))

In this case, plaintiffs allege that Officer Merrill, along with the other individual defendants were "operating under the vanishingly thin pretense of a United States Marshall Service ("USMS") task force." Dkt. 87, pg. 3. Regardless of the characterization as "thin" there is no dispute that this was a federally instigated operation conducted pursuant to federal law and that was the only reason alleged for Officer Merrill's involvement. *See, Office of Legal Counsel Opinion, Authority of FBI Agents, Serving as Special Deputy United States Marshals, to Pursue Non-Federal Fugitives*, 19 U.S. Op. O.L.C. 33, 1995 OLC LEXIS 21, at * 21 (1995) ("When marshals participate in a task force investigation of state law fugitives pursuant to the Attorney

**MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT ON BEHALF OF THE CITY OF LAKEWOOD AND MICHAEL MERRILL** – 7
**Cause No.: 3:23-cv-05618-DGE**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511

General's direction under 28 U.S.C. § 566, they are 'executing the laws of the United States within a State.'") (citing 28 U.S.C. § 564).

Because Defendant Merrill was functioning as a member of the USMS task force at all times during this incident, he is entitled to the same defenses asserted by the other individual defendants. *Nelson v. Weber*, 316CV05680BHSJRC, 2017 WL 3034641, at *3 (W.D. Wash. May 19, 2017), *report and recommendation adopted*, C16-5680 BHS-JRC, 2017 WL 3017632 (W.D. Wash. July 17, 2017) ("State and local law enforcement officers designated as federal task force members are treated as federal employees for the purposes of tort liability statutes. *See* 21 U.S.C. § 878(b) (state and local law enforcement officers performing functions under § 878 are subject to 5 U.S.C. § 3374(c)); 5 U.S.C. § 3374(c)(2) (state and local law enforcement officers on detail to a federal agency are deemed employees of the federal agency for purposes of federal tort liability statutes)).

Because Officer Merrill was acting under federal, not state law, the Fourth Amendment cause of action against him under 42 U.S.C. § 1983, Count One, should be dismissed.

**2.** ***Bivens*** **does not provide a remedy here.**

Defendant Merrill hereby adopts and incorporates by reference the argument of the United States at Section II of their motion for summary judgment re lack of a *Bivens* remedy in this case, which are equally applicable to Officer Merrill. Plaintiffs' alternative *Bivens* claim against Officer Merrill should be dismissed for the reasons stated therein.

**C. Officer Merrill Is Entitled To Qualified Immunity for the Fourth Amendment Claim.**

Officer Merrill is entitled to qualified immunity whether the Fourth Amendment claim is brought under *Bivens* or 42 U.S.C. § 1983. *See, e.g., Ioane v. Hodges,* 939 F.3d 945, 952-53 (9th Cir. 2018) (qualified immunity available even if *Bivens* provides a remedy). Government officials

MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT ON BEHALF OF THE CITY OF LAKEWOOD AND MICHAEL MERRILL – 8
Cause No.: 3:23-cv-05618-DGE

LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480   FAX: (360) 357-3511

sued for alleged constitutional violations are entitled to qualified immunity "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727 (1982). The "central purpose of affording public officials qualified immunity is to protect them 'from undue interference with their duties and from potentially disabling threats of liability.'" *Elder v. Holloway*, 510 U.S. 540, 114 S. Ct. 1019 (1994). The "qualified immunity defense allows for mistaken judgments and protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 70 F.3d 1095, 1099 (9th Cir. 1995) (quoting *Hunter v. Bryant*, 502 U.S. 224, 229, 112 S. Ct. 534 (1991)). This accommodation for reasonable error exists because "officials should not err always on the side of caution because they fear being sued." *Hunter*, 502 U.S. at 229.

Plaintiffs bear the burden of demonstrating that Officer Merrill's conduct "violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L.Ed.2d 272 (2001). If they fail to meet that burden, the officer is entitled to qualified immunity. *Id*. If the question cannot be resolved as a matter of law, then the Court proceeds to ask whether the plaintiffs have established that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id*. at 202. "If the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." *Id*. *See, e.g., Brosseau v. Haugen*, 543 U.S. 194, 200, n. 4, 125 S. Ct. 596, 160 L.Ed.2d 583 (2004) (cases which postdate the conduct in question cannot give "fair notice" and "are of no use in the clearly established inquiry").

In *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 172 L.Ed.2d 565 (2009), the Court reiterated the two- prong analysis for qualified immunity announced in *Saucier*. However, it

MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT ON BEHALF OF THE CITY OF LAKEWOOD AND MICHAEL MERRILL – 9
Cause No.: 3:23-cv-05618-DGE

LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511

concluded that "while the sequence set forth in [*Saucier*] is often appropriate, it should no longer be regarded as mandatory. The Judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson*, 129 S. Ct. at 818.

As *Pearson* holds, it is sometimes appropriate to engage in the *Saucier* analysis by asking first whether the government official knowingly violated "clearly established law," thus avoiding the need to answer the constitutional question. Whether a right is clearly established turns on "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202. "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, 'the contours of a right are sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 741, 131 S. Ct. 2074, 179 L.Ed.2d 1149 (2011); *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L.Ed.2d 523 (1987). It is not sufficient to allege the violation of "abstract rights." *Id.* at 639. Rather, the right the officials are alleged to have violated must be "'clearly established' in a more particularized, and hence more relevant, sense." *Id.* at 640; *see also Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (concluding that while the plaintiff had the right to be free from wrongful incarceration, the relevant qualified immunity inquiry was whether the plaintiff had provided any evidence that a reasonable official in the defendant's position would have known that by failing to monitor state appellate court decisions for changes to the law, he would be violating the plaintiff's constitutional rights). More recently, the Supreme Court in *City and County of San Francisco, Calif. v. Sheehan*, 575 U.S. 600, 613, 135 S. Ct. 1765, 191 L.Ed.2d 856 (2015) noted that

MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT ON BEHALF OF THE CITY OF LAKEWOOD AND MICHAEL MERRILL – 10
Cause No.: 3:23-cv-05618-DGE

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA  98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480   FAX: (360) 357-3511

"[q]ualified immunity is no immunity at all if 'clearly established' law can simply be defined as the right to be free from unreasonable searches and seizures."

**1. Officer Merrill Did Not Unreasonably Seize Mr. Reinoehl.**

Alleged violations of 42 U.S.C. § 1983 based on excessive force are rooted in the Fourth Amendment's protection against unreasonable searches and seizures. *Graham v. Connor*, 490 U.S. 386, 394, 109 S. Ct. 1865, 104 L.Ed.2d 443 (1989).

> The test of reasonableness under the Fourth Amendment ... requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest[.]

*Id.* at 396 (quotation and citations omitted).

Whether the force used was "reasonable" is "judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id*. It is a standard of "reasonableness at the moment . . . 'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers' . . . violates the Fourth Amendment. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation." *Id*. at 396-97.

The test is "an objective one: the question is whether the officers' actions are 'objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.'" *Id*. at 397. These facts and circumstances include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id*.

MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT ON BEHALF OF THE CITY OF LAKEWOOD AND MICHAEL MERRILL – 11
Cause No.:  3:23-cv-05618-DGE

LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA  98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511

at 396. Applying the *Graham* factors to the known and undisputed facts, Officer Merrill is entitled to qualified immunity.

Officer Merrill adopts by reference the *Graham* factors analysis by Goche and Oleole. *See*, United States Motion for Summary Judgment re Individual Defendants, Section III.A. That analysis applies equally to Officer Merrill given that he was in the same vehicle as Deputy Oleole and was facing the same situation. In addition, Officer Merrill did not fire at Mr. Reinoehl until he reasonably believed Mr. Reinoehl *was firing on them*. Officer Merrill testified in his deposition that after they stopped in front of Reinhoel's vehicle, he saw him "lunge[] towards the center console." *Justice Dec.* ex. 1, pg. 28-29. He thought he saw Mr. Reinoehl come up with a pistol in his hand. *Id.*, pg. 29. When Officer Merrill looked down to put his vehicle in park, he heard, "gunfire, and [he] felt glass hitting [him] in the fact and [he] could see quite a bit of dust. Glass dust in [his] vehicle. And [he] believed [they] were getting shot at. . ." *Id.* Deputy Oleole confirmed that he fired from inside the vehicle before Officer Merrill. Dkt. 124, pg. 16-17. A reasonable officer in Merrill's position would believe he was being *shot at* given the totality of other information the officers were aware of at the time. *See,* Dkt. 124, pp. 7-8.

### d. Deadly Force was Reasonable as a Matter of Law.

Under *Graham*, Officer Merrill's use of deadly force did not violate the Fourth Amendment. To overcome qualified immunity, Plaintiffs must first establish that the use of deadly force was unreasonable and therefore violated the Fourth Amendment. "Where the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others, it is not constitutionally unreasonable to prevent escape by using deadly force." *Tennessee v. Garner*, 471 U.S. 1, 11, 105 S. Ct. 1694, 85 L.Ed.2d 1 (1985). An Officer facing an individual who is known to be armed, and is seen reaching for something and then hears gun

MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT ON BEHALF OF THE CITY OF LAKEWOOD AND MICHAEL MERRILL – 12
Cause No.: 3:23-cv-05618-DGE

LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511

fire and feels glass hitting him in the face, has probable cause to believe that the person they are trying to arrest poses a threat of serious physical harm to them or to others. *See, e.g., George v. Morris,* 736 F.3d 829, 838 (9th Cir. 2013) (noting that the Fourth Amendment does not always "require officers to delay their fire until a suspect turns his weapon on them. If the person is armed—or reasonably suspected of being armed—a furtive movement, harrowing gesture, or serious verbal threat might create an immediate threat."); *Sabbe v. Wash. Cnty. Bd. of Comm'rs*, 84 F.4th 807, 828 (9th Cir. 2023) ("Our case law is clear that when a suspect reaches for a gun or aims a weapon at officers, responding with deadly force does not violate the Constitution"). Plaintiffs cannot establish that Officer Merrill used unreasonable or excessive force as a matter of law on the facts of this case and he is entitled to qualified immunity. This ends the analysis without even addressing the clearly established prong.

### e. No Violation of Clearly Established Law.

Even if the Court were to find an issue of fact on the question of whether Officer Merrill's use of deadly force was reasonable, Plaintiffs cannot cite any clearly established law that he violated. "Where constitutional guidelines seem inapplicable or too remote, it does not suffice for a court simply to state that an officer may not use unreasonable and excessive force, deny qualified immunity, and then remit the case for a trial on the question of reasonableness. An officer 'cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it.'" *Kisela v. Hughes*, 584 U.S. 100, 105, 138 S. Ct. 1148, 200 L.Ed.2d 449 (2018) (quoting *Plumhoff v. Rickard,* 572 U.S. 765, 134 S. Ct. 2012, 2023, 188 L.Ed.2d 1056 (2014)).

MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT ON BEHALF OF THE CITY OF LAKEWOOD AND MICHAEL MERRILL – 13
Cause No.: 3:23-cv-05618-DGE

LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511

The Ninth Circuit has made clear that an officer may shoot a suspect reaching for a firearm or making a furtive movement for a deadly weapon. *Tucker v. City of Elk Grove,* No. 2023 WL 4827470, at *9 (E.D. Cal. July 27, 2023) (citing *Cruz v. City of Anaheim*, 765 F.3d 1076, 1078-79 (9th Cir. 2014)). *See also Peck v. Montoya,* 51 F.4th 877, 887-88 (9th Cir. 2022) (acknowledging that officers may not "kill suspects who do not pose an immediate threat to their safety or to the safety of others simply because they are armed" and noting that "[w]e have repeatedly distinguished between a suspect who is actively reaching for a weapon and a suspect who is armed but not reaching for the weapon"). Indeed, *Cruz* held that it is "unquestionably reasonable for police to shoot a suspect . . . if he reaches for a gun in his waistband, *or even if he reaches there for some other reason.*" *Id.* Where such facts are present, the Court "need not worry about the intricacies of police procedure or nuanced questions of force proportionality." *Id.* at 1079. Instead, the Court is concerned only with whether the suspect in fact reached for a firearm or for his waistband. "If [he] did, [Officers] were entitled to shoot; if [he] didn't, [Officers] weren't." *Id.*

Plaintiffs cannot cite any pre-existing precedent that would place Officer Merrill on notice that he was acting unconstitutionally by shooting Mr. Reinoehl. Thus, Officer Merrill is entitled to qualified immunity on the excess force claim under the second *Saucier* prong. *See, e.g., George,* 736 F.3d at 838; *Sabbe,* 84 F.4th at 828; *Estate of Strickland v. Nevada Cnty.*, 69 F.4th 614, 620 (9th Cir. 2023), cert. denied, 144 S. Ct. 559, 217 L.Ed.2d 297 (2024) ("If the person is armed—or reasonably suspected of being armed—a furtive movement, harrowing gesture, or serious verbal threat might create an immediate threat"). No reasonable officer would know they were violating clearly established law by using deadly force, and Officer Merrill is entitled to qualified immunity for the Fourth Amendment claim.

MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT ON BEHALF OF THE CITY OF LAKEWOOD AND MICHAEL MERRILL – 14
Cause No.: 3:23-cv-05618-DGE

LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511

**D. State law negligence Inapplicable to Statutory Duties Carried Out Here.**

While the Washington Supreme Court recognized it is possible to assert a negligence claim against the police for an officer's "direct interaction" with a person, Plaintiff must still establish the breach of a common law, as opposed to a statutory, duty, or an exception to the public duty doctrine. *Beltran-Serrano v. Tacoma*, 193 Wn.2d 537, 551-52, 442 P.3d 608 (2019). Statutory duties owed by the police are still subject to the public duty doctrine. *Id*. Plaintiffs fail to identify any common law duty that was breached by Officer Merrill or the City of Lakewood, or an exception to the public duty doctrine. Here, Officer Merrill was executing an arrest warrant as part of the USMS VOTF. This is a federal statutorily authorized activity. *See, supra,* Argument B.1. Plaintiffs cannot point to any private analog for this activity. *See, Norg v. City of Seattle,* 18 Wn. App. 399, 404, 491 P.3d 237 (2021) ("The [public duty] doctrine does not apply to duties that governments have in common with private persons.")

"The public duty doctrine recognizes that governments, unlike private persons, are tasked with duties that are not actionable duties within the meaning of tort law." *Beltran-Serrano v. Tacoma*, 193 Wn.2d 537, 549, 442 P.3d 608 (2019). "[A] city's statutorily imposed obligation to provide police services, enforce the law, and keep the peace" are "statutory duties [that] have always been, and will continue to be, nonactionable duties owed to the public at large." *See id*. at 552.

The common law duty of reasonable care to "refrain from causing foreseeable harm in interactions with others . . . applies in the context of law enforcement and encompasses the duty to refrain from directly causing harm to another through affirmative acts of misfeasance." *Id*. at 550 (citations omitted). Under Washington law, "governmental entities 'shall be liable for damages arising out of their tortious conduct . . . to the same extent as if they were a private

MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT ON BEHALF OF THE CITY OF LAKEWOOD AND MICHAEL MERRILL – 15
Cause No.:  3:23-cv-05618-DGE

LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA  98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480   FAX: (360) 357-3511

person or corporation.'" *Norg v. City of Seattle*, 200 Wn.2d 749, 756, 522 P.3d 580 (Wash. 2023) (quoting RCW 4.96.010(1)). Thus, Plaintiffs may bring negligence claims against police officers that "arise out of [an officer's] direct interaction with [the plaintiff], not the breach of a generalized public duty." *See Beltran-Serrano*, 193 Wn.2d at 551. On the other hand, "[i]f the duty that the government allegedly breached was owed to the public at large, then the public duty doctrine applies," in which case "the negligence claim must be dismissed for lack of an actionable duty unless there is an applicable exception." *Norg*, 200 Wn.2d at 758. "Thus, to determine whether the public duty doctrine bars the [plaintiffs'] claim, . . . [the Court] must identify the duty that the [Defendants] allegedly breached and determine whether that duty is based on a generally applicable statute or an individually applicable common law duty." *Id.* at 759. This is a question of law for which the plaintiff bears the burden. *See id.*; *Beltran-Serrano*, 193 Wn.2d at 549 ("To establish a duty in tort against a governmental entity, *a plaintiff must show* that the duty breached was owed to an individual and was not merely a general obligation owed to the public." (emphasis added)).

In *Beltran-Serrano*, the Washington Supreme Court found that a negligence claim arising from a police shooting of the plaintiff was viable, and not barred as a public duty claim, in part because it was based on the officer's decision to prevent the plaintiff from "walking away" and the officer's "lack of adequate training." *See Beltran-Serrano*, 193 Wn.2d at 544; *see also id.* ("The core of his negligence claim is that Officer Volk unreasonably failed to follow police practices calculated to avoid the use of deadly force."). The claim was not based on a "negligent intentional shooting," but "require[d] consideration of the totality of the circumstances involved in the encounter between Officer Volk and Beltran-Serrano, and [identification of] potential negligence in the series of actions leading up to the decision to shoot." *Id.* at 545.

**MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT ON BEHALF OF THE CITY OF LAKEWOOD AND MICHAEL MERRILL** – 16
**Cause No.: 3:23-cv-05618-DGE**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511

Here, plaintiffs must identify the basis for their negligence claim against Officer Merrill and Lakewood and show that it was a common law duty owed to Mr. Reinoehl, not to the public in general. They must also identify evidence that supports a breach of that duty by these defendants. Otherwise, summary judgment should be granted on this claim.

### E. Assault and Battery Requires Proof of Excessive Force.

A lawful touching by a law enforcement officer is not an assault. *Boyles v. Kennewick*, 62 Wn. App. 174, 176, 813 P.2d 178 (1991). It is only when unnecessary violence or excessive force is used that an assault and battery can be alleged. Here, Officer Merrill did not use any unnecessary or excessive force on Mr. Reinoehl, *see, supra, Section d,* and he is thus entitled to summary judgment on this claim.

### IV. CONCLUSION

For the foregoing reasons, the defendants respectfully request that the Court grant their motion for summary judgment on all claims against all defendants.

Dated this 27th day of December 2024.

LAW, LYMAN, DANIEL, KAMERRER
& BOGDANOVICH, P.S.

*/s/ John E. Justice*

John E. Justice, WSBA No. 23042
Attorney for Defendants City of Lakewood
and Michael Merrill
P.O. Box 11880, Olympia, WA 98508
Phone: (360) 754-3480  Fax: 360-754-3480
Email: jjustice@lldkb.com

I certify that this memorandum contains 5,498 words in compliance with the Local Civil Rules.

**MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT ON BEHALF OF THE CITY OF LAKEWOOD AND MICHAEL MERRILL** – 17
**Cause No.: 3:23-cv-05618-DGE**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*

# CERTIFICATE OF FILING AND SERVICE

I hereby certify under penalty of perjury under the laws of the State of Washington that on this date, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, who will send notification of such filing to the following parties:

**Plaintiffs' Attorneys:**
Lily Ramseyer
Rebecca Jane Roe
Jeffery P. Robinson
Schroeter Goldmark & Bender
401 Union Street, Suite 3400
Seattle, WA 98101
ramseyer@sgb-law.com
roe@sgb-law.com
robinson@sgb-law.com

Braden Pence
MACDONALD, HOAGUE & BAYLESS
705 2nd Avenue, Suite 1500
Seattle, WA 98104-1745
bradenp@mhb.com

Jesse A. Merrithew
LEVI, MERRITHEW, HORST, PC
610 SW Alder Street, Suite 415
Portland, OR 97205-3605
jesse@lmhlegal.com

***Attorneys for Defendant Pierce County:***
Peter J. Helmberger
Elizabeth Anne Dasse
Pierce County Prosecutor's Office
930 Tacoma Avenue South, Suite 946
Tacoma, WA 98402-2102
peter.helmberger@piercecountywa.gov
elizabeth.dasse@piercecountywa.gov

***Attorneys for Defendants United States of America, Oleole, Gocha and Whitehurst***:
Chibogu Nneka Nzekwu
Andrea Jae Friedman
Nicole Marimon
Civil Division, Torts Branch
United States Department of Justice
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044
chibogu.n.nzekwu@usdoj.gov
andrea.j.friedman@usdoj.gov
nicole.m.marimon@usdoj.gov

DATED this 27th day of December, 2024 at Tumwater, WA.

*/s/ John E. Justice*
_____
John E. Justice

**MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT ON BEHALF OF THE CITY OF LAKEWOOD AND MICHAEL MERRILL** – 18
**Cause No.: 3:23-cv-05618-DGE**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA  98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511